**In the UNITED STATES BANKRUPTCY COURT
for the EASTERN DISTRICT of PENNSYLVANIA**

| | |
|---|---|
| MILTON THOMAS,<br>    *Plaintiff*<br>v.<br>CITY OF PHILADELPHIA<br>  and<br>SCHOOL DISTRICT OF PHILADELPHIA<br>  and<br>WILLIAM MILLER, UNITED STATES<br>    BANKRUPTCY TRUSTEE<br>    *Defendants* | BANKRUPTCY NO. 04 - 10175<br><br>ADVERSARY NO. 19-00043-ELF |

**NOTICE OF MOTION, RESPONSE DEADLINE and HEARING DATE**

William Miller has filed a Motion to Dismiss with the Court seeking to dismiss the claims asserted against him.

1. **Your rights may be affected. You should read these papers carefully and discuss them with you attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult an attorney).**

2. **If you do not want th e court to grant the relief sought in the Motion**, of if you want the court to consider your views on the Motion, then on or before May 3, 2019, **you or your attorney must file a response to the Motion**. (See instructions on next page).

3. **A hearing on the Motion** may be scheduled at the **United States Bankruptcy Court, 900 Market Street, Philadelphia, Pennsylvania**. Unless the court orders otherwise, the hearing on this contested matter will be an **evidentiary hearing**.

4. **If you do not file a response to the Motion**, the court may enter an order granting the relief requested in the Motion.

5. You may contact the Bankruptcy Clerk's office at 215-408-2800 to find out whether the hearing has been scheduled or canceled because no one filed a response.

6. If a copy of the motion is not enclosed, a copy of the Motion will b e provided to you, if you request a copy fro m the attorney whose name and address is listed on th e next page of this Notice.

Filing Instructions

7. **If you are required to file documents electronically by Local Bankruptcy Rule 5005-1**, you must file your response electronically.

8. **If you are not required to file electronically**, you must file your response at the office of the Bankruptcy Clerk, Suite 400. 900 Market Street, Philadelphia, PA 19107.

9. **If you mail your response** to the bankruptcy clerk's office for filing, you must mail it early enough so that it will be received on or before the date stated in Paragraph 2 on the previous page of this Notice.

10. On the same day that you file or mail your Response to the Motion, you must mail or deliver a copy of the Response to the movant's attorney:

Eugene J. Maginnis, Jr., Esquire
Dugan, Brinkmann, Maginnis and Pace
Suite 1400
1880 John F. Kennedy Blvd.
Philadelphia, PA 19103
215-563- 3500 (Tel.)  215-563-5610 (Fax)
ejmaginnis@dbmplaw.com

and mail or deliver a copy to the attorney for the City and School District of Philadelphia and the United States Trustee:

Pamela Elchert Thurmond, Esquire
Deputy City Solicitor
City of Philadelphia Law Department
Municipal Services Bldg. 5th Floor
1401 John F. Kennedy Blvd.
Philadelphia, PA 19102-1595

Frederic J. Baker, Esquire, Senior Assistant U.S. Trustee
Office of the United States Trustee
Eastern District of Pennsylvania
833 Chestnut Street, Suite 500
Philadelphia, PA 19107

Dated:       April 12, 2019

In the UNITED STATES BANKRUPTCY COURT
for the EASTERN DISTRICT of PENNSYLVANIA

| | |
|---|---|
| MILTON THOMAS,<br>    *Plaintiff*<br>v.<br>CITY OF PHILADELPHIA<br>  and<br>SCHOOL DISTRICT OF PHILADELPHIA<br>  and<br>WILLIAM MILLER, UNITED STATES<br>    BANKRUPTCY TRUSTEE<br>    *Defendants* | BANKRUPTCY NO. 04 - 10175<br><br>ADVERSARY NO. 19-00043-ELF |

## MOTION TO DISMISS OF DEFENDANT,
## WILLIAM C. MILLER[1]

Defendant, William C. Miller, hereby moves the Court to dismiss this action, and in support thereof states as follows:

1. Plaintiff commenced his bankruptcy action in 2004, at the docket number indicated above.

2. William C. Miller was the Chapter 13 standing trustee appointed in the bankruptcy proceedings.

3. Plaintiff's bankruptcy included amounts owed to the City and School District of Philadelphia relating to properties located at 1618 and 1620 South 58th Street in the City of Philadelphia.

4. Plaintiff's amended plan was filed in November 2004, and confirmed in February 2005.

5. The standing trustee filed his final report in July 2009.

---

[1] Mr. Miller is a Standing Trustee, and not the United States Bankruptcy Trustee as plaintiff has captioned the action.

6. Plaintiff received a discharge in September 2009.

7. After plaintiff's discharge, the City attempted to recover certain debts that plaintiff alleged were discharged in the bankruptcy.

8. In 2015, plaintiff filed an action in the United States District Court for the Eastern District of Pennsylvania at 15 CV-3433, seeking damages for the City's alleged violation of the bankruptcy injunction.

9. The District Court, pursuant to a motion to dismiss filed by Miller, dismissed the action against him by an order entered on October 27, 2015.

10. By order entered July 7, 2016, the District Court dismissed the action against the City defendants.

11. Plaintiff filed an appeal to the United States Court of Appeals for the Third Circuit at No. 16-3156.

12. In his appeal, plaintiff appealed the District Court's decision as to the City Defendants only.

13. Plaintiff did not appeal or contest the District Court's ruling dismissing Miller.

14. On March 26, 2017, the Third Circuit reversed the District Court's ruling dismissing the City Defendants, and remanded the matter to the District Court.

15. Thereafter, the District Court denied the City Defendants' motion for judgment on the pleadings and imposed a sanction against the City Defendants for their violation of the discharge injunction.

16. Both plaintiff and the City Defendants appealed the District Court's ruling.

17. Standing Trustee Miller did not participate in the proceedings after his dismissal.

18. On appeal, the Third Circuit ruled that the District Court lacked subject matter

jurisdiction, and reversed the District Court's ruling as to the City Defendants.

19. The Third Circuit ruled that plaintiff's remedies, if any, against the City Defendants could only be adjudicated in this Court.

20. On February 27, 2019, the complaint that he had originally filed in the District Court in June 2015 was transferred to this Court.

21. This adversary action includes Standing Trustee Miller as a defendant.

22. Plaintiff has filed a motion to hold the City Defendants in contempt for violation of the discharge order.

23. On March 13, 2019, this Court determined that plaintiff's motion would serve as an amended complaint in this adversary action.

24. The amended complaint does not identify Standing Trustee Miller in any manner.

25. As no allegations are made against Standing Trustee Miller, this action against him must be dismissed with prejudice.

26. Standing Trustee Miller consents to the entry of a final order o r judgment if it s determined that the Court, absent consent of the parties, cannot enter a final order or judgment consistent with Article III of the United States Constitution.

Dugan, Brinkmann, Maginnis and Pace

By: _____
Eugene J. Maginnis, Jr., Esquire
ejmaginnis@dbmplaw.com
Suite 1400
1880 John F. Kennedy Blvd.
Philadelphia, PA 19103
215- 563-3500 (Tel.)   215-563-5610 (Fax)
Attorney for Defendant, William C. Miller

**In the UNITED STATES BANKRUPTCY COURT
for the EASTERN DISTRICT of PENNSYLVANIA**

| | |
|---|---|
| **MILTON THOMAS,** *Plaintiff* | : |
| v. | :    **BANKRUPTCY NO. 04 - 10175** |
| **CITY OF PHILADELPHIA** and | : |
| **SCHOOL DISTRICT OF PHILADELPHIA** and | :    **ADVERSARY NO. 19-00043-ELF** |
| **WILLIAM MILLER, UNITED STATES BANKRUPTCY TRUSTEE** *Defendants* | : |

**ORDER**

And now, this ____ day of _____ 2019, upon consideration of the Motion to Dismiss of Defendant, William C. Miller, it is hereby ORDERED and DECREED that the Motion is GRANTED. This action is dismissed with prejudice as to Defendant Miller.

BY THE COURT:

_____,J.
ERIC L. FRANK, B.J.

**In the UNITED STATES BANKRUPTCY COURT
for the EASTERN DISTRICT of PENNSYLVANIA**

| | |
|---|---|
| **MILTON THOMAS,** *Plaintiff* : | |
| v. : | **BANKRUPTCY NO. 04 - 10175** |
| **CITY OF PHILADELPHIA** : | |
| and : | **ADVERSARY NO. 19-00043-ELF** |
| **SCHOOL DISTRICT OF PHILADELPHIA** : | |
| and : | |
| **WILLIAM MILLER, UNITED STATES** : | |
| **BANKRUPTCY TRUSTEE** : | |
| *Defendants* : | |

**MEMORANDUM OF LAW IN SUPPORT OF THE
MOTION TO DISMISS OF
DEFENDANT, WILLIAM C. MILLER**

**I.    The Claims Before the Court**

In his complaint and amended complaint, plaintiff alleges that he filed a bankruptcy petition in 2004 that included various claims relating to properties he owns at 1618 and 1620 South 58th Street in the City of Philadelphia. The complaint and amended complaint also allege that in February 2015, the City and School District of Philadelphia, ("City Defendants"), commenced proceedings relating to the property. Although not set forth in the complaint or amended complaint, Mr. Miller was the Chapter 13 standing trustee[2] appointed in the bankruptcy proceedings. Plaintiff seeks to hold the City Defendants in contempt for violation of the discharge injunction pursuant to section 524 of the Bankruptcy Code. Neither the complaint nor the amended complaint make any allegations as to Standing Trustee Miller.[3]

---

[2] Attorney William C. Miller was appointed as a Chapter 13 standing trustee in the Eastern District of Pennsylvania by the United States Trustee for Region 3 pursuant to 28 U.S.C. § 586(a). Mr. Miller is a Standing Trustee, and not the United States Bankruptcy Trustee as plaintiff has captioned the action.

[3] The complaint originally filed by plaintiff in the District Court was transferred to this Court. Thereafter, plaintiff filed a motion to hold the City Defendants in contempt, by order

## II.    History of the Case

Plaintiff sought bankruptcy protection in 2004. Mr. Miller was the standing trustee. Plaintiff's amended plan was filed in November 2004, and confirmed in February 2005. The standing trustee filed his final report in July 2009, and plaintiff received a discharge in September 2009.

In 2015[4], plaintiff filed an action in the United States District Court for the Eastern District of Pennsylvania at 15 CV-3433, seeking damages for the City's violation of the discharge injunction as to properties located on South 58th Street in Philadelphia.[5] Standing Trustee Miller was also a defendant in that action. The District Court, pursuant to a motion to dismiss filed by Miller, dismissed the action against him pursuant to an order entered on October 27, 2015.[6]

---

dated March 29, 2019, this Court determined that the motion would serve as plaintiff's amended complaint. Both the original and amended complaint are attached as Exhibit 1.

[4] As early as 2012, plaintiff sought damages from the City Defendants and others relating to violations of the discharge injunction. In March 2012, plaintiff sought relief from the City Defendants, Wachovia Bank, and ARACOR Search relating to similar claims regarding violation of the discharge injunction as to a property at 1251 Ruby Street in Philadelphia. The District Court transferred the action to this Court, and it proceeded as adversary no. 13-00029. The docket indicates that the matter was dismissed on December 23, 2013. Miller was not a defendant in the 2012 action.

[5] The docket entries from the district court action are attached as Exhibit 2.

[6] The District Court dismissed the action against Standing Trustee Miller on the basis that it stated no claim against Miller. While plaintiff alleged that the Standing Trustee Miller was negligent in allowing a sheriff's sale of the property, the District Court determined that it could not entertain the action on the basis that this Court had not approved the action against Standing Trustee Miller pursuant to the *Barton* Doctrine. *Barton v. Barbour*, 104 U.S. 126 (1881); *In re Vista Care Group*, 678 F.3d 218 (3d Cir. 2012). The District Court's order is attached as Exhibit 3.

By order entered July 7, 2016, the District Court dismissed the action against the City Defendants, and plaintiff appealed the order of the District Court to the United States Court of Appeals for the Third Circuit at No. 16-3156. The District Court docket indicates that plaintiff appealed only the District Court's dismissal of the action against the City Defendants. Similarly, the decision of the Third Circuit specifically indicated that plaintiff did not contest the dismissal of Standing Trustee Miller in his appeal.[7] In its opinion, the Third Circuit did not opine upon the subject matter jurisdiction of the District Court to make its decisions dismissing Standing Trustee Miller or the City Defendants.

On March 26, 2017, the Third Circuit reversed the District Court's ruling dismissing the City Defendants, and remanded the matter to the District Court. Thereafter, the matter proceeded solely as to plaintiff's claims against the City Defendants, as Standing Trustee Miller had been dismissed from the action, and plaintiff had not appealed his dismissal. In the subsequent proceedings, the District Court denied the City Defendants' motion for judgment on the pleadings and imposed a sanction against the City Defendants for their violation of the discharge injunction.

Both plaintiff and the City Defendants appealed this subsequent ruling of the District Court.[8] In this second appeal, the Third Circuit ruled that the District Court lacked subject matter jurisdiction as to the sanction imposed by the District Court, and reversed the District Court's ruling as to the City Defendants. Thereafter, on remand, the District Court transferred the action

---

[7] The March 16, 2017 opinion at No. 16-3156 is attached as Exhibit 4. The Court's reference to Standing Trustee Miller is at note 1 on page 2.

[8] Standing Trustee Miller did not participate in the proceedings in the District Court or on appeal after his dismissal.

-3-

to this Court. No further determination was made by the Third Circuit or the District Court as to the claim asserted against Standing Trustee Miller.[9]

### III. The Amended Complaint States No Claim Against Standing Trustee Miller

Plaintiff's complaint and amended complaint are silent as to Standing Trustee Miller, and allege no claims against him. The District Court noted the absence of such claims. "Plaintiff's Complaint ... does not describe any actions taken by Defendant Miller."[10] In determining the adequacy of a pleading in an adversary action, the Third Circuit has applied the standards applicable in F.R.C.P. 12(b)(6) as incorporated in Fed. R. Bankr. Proc.. 7012(b). *Davis v. Wells Fargo*, 824 F.3d 333, 347 (2017); *In re The Majestic Star Casino, LLC*, 716 F.3d 736, 745 (2013).

A complaint must contain sufficient facts, which if accepted as true, state a claim for relief that is plausible on its face. *In re Mazik*, 592 B.R. 604, 607 (Bankr. E.D. Pa. 2018). As described by this Court, the following principles will govern the determination.

- First, the court must take note of the elements a plaintiff must plead to state a claim.

- Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth.

- Third, where there are well-pled factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

*In re Billings*, 544 B.R. 529, 531, *aff'd*, 2016 Westlaw 3344382 (E.D. Pa. 2016), *aff'd* 687 Fed. Appx. 163 (2017).

---

[9] The 2019 decision of the Third Circuit is attached as Exhibit 5.

[10] Exhibit 3 at n.1.

-4-

When these principles are applied to the amended complaint, it is clear that no claim is stated, and as to Standing Trustee Miller, the amended complaint must be dismissed. First, the complaint and amended complaint are silent as to claim or cause of action asserted, and so no determination of the elements of the claim can be made. Secondly, there is no need to separate facts from conclusions as the complaint and amended complaint are silent as to Standing Trustee Miller, and finally, there are no factual allegations to which the Court may apply the inference of veracity.

### IV.  Amendment Would Be Futile

Generally, a court must permit leave to amend a complaint, unless any amendment would be futile. *Vorcheimer v. Philadelphia Owners Association*, 903 F.3d 100, 112 (3d Cir. 2018); *In re Mazik, supra.* at 613. Here, there are a number of reasons that any amendment would be futile. First, the debtor's plan was confirmed on February 22, 2005, more than ten years before plaintiff initially filed his original complaint in the District Court on June 13, 2015. Although no claim is stated in the either the complaint or amended complaint, any claim of negligence or contract would be barred by the applicable statutes of limitation. The Pennsylvania statute of limitations for negligence is two years pursuant to 42 Pa. C.S.A. § 5524 and the contractual limitation period is four years. 42 Pa. C.S.A. § 5525.[11]

Plaintiff's confirmation plan required that he make payments for 49 months after the 2005

---

[11] If plaintiff were to assert some type of federal common-law claim, those claims that do not have a separate statute of limitations borrow the most comparable state limitation period. *Weis-Buy Services, Inc. v. Paglia*, 411 F.3d 415, 422 (3d Cir. 2005).

-5-

Document      Page 12 of 14

confirmation, or until approximately 2009.[12] The complaint and amended complaint allege that the actions by the City defendants of which he complains took place in 2015. Thus, any relationship between Standing Trustee Miller and plaintiff would have terminated approximately six years prior to the acts of which he complains. This is a period of time that is sufficiently in excess of the potentially applicable limitations periods that any claim of error on the part of Standing Trustee Miller is so far removed from the filing of the action, that the statute of limitations would have elapsed years before the complained of conduct. Approximately six years elapsed between the date of Standing Trustee Miller's last action and connection to the case and 2015, when the action was originally filed.

Further, a standing trustee has qualified immunity from actions undertaken in his official capacity. *In re J & S Properties, LLC*, 872 F. 3d 138 (3d Cir. 2017). This grant of qualified immunity protects a trustee from suit unless the trustee's actions were contrary to clearly established law. *Id*. Certainly, if plaintiff was claiming that Standing Trustee Miller's actions were improper, so as to overcome his qualified immunity, the complaint or amended complaint would have made some allegation about Standing Trustee Miller. They did not.

## V.     Conclusion and Relief Requested

Notwithstanding the return of this action to this Court by the Court of Appeals and District Court, the facts remain the same. The complaint and amended complaint make no claim against Standing Trustee Miller. Further, it is simply too late to make such claims, and even if such claims could be made, the actions alleged to be in error would have to violate clearly

---

[12] Standing Trustee Miller filed his final report and account in July 2009, and plaintiff's discharge was entered on September 3, 2009.

established federal law.  Under these circumstances, after the passage of almost ten years since Standing Trustee Miller's participation in the affairs of the debtor, it is simply too little, too late to allow plaintiff to proceed.  The amended complaint as to Standing Trustee Miller must be dismissed with prejudice.

                Respectfully submitted,

                Dugan, Brinkmann, Maginnis and Pace

By: _____
Eugene J. Maginnis, Jr., Esquire
Attorney for Defendant, William C. Miller

In the UNITED STATES BANKRUPTCY COURT
for the EASTERN DISTRICT of PENNSYLVANIA

| | |
|---|---|
| MILTON THOMAS,<br>        *Plaintiff*<br>v.<br>CITY OF PHILADELPHIA<br>  and<br>SCHOOL DISTRICT OF PHILADELPHIA<br>  and<br>WILLIAM MILLER, UNITED STATES<br>    BANKRUPTCY TRUSTEE<br>        *Defendants* | BANKRUPTCY NO. 04 - 10175<br><br>ADVERSARY NO. 19-00043-ELF |

## CERTIFICATE OF SERVICE

I, Eugene J. Maginnis, Jr., Esquire, do hereby certify that a copy of the Motion to Dismiss of Defendant, William C. Miller was served upon all parties by first-class mail, postage prepaid, this 12th day of April 2019, addressed as follows:

Milton Thomas
140 West Spencer Avenue
Philadelphia, PA 19120

Pamela Elchert Thurmond, Esquire
City of Philadelphia
Room 500
1401 John F. Kennedy Blvd.
Philadelphia, PA 19102

Frederic J. Baker, Esquire, Senior Assistant U.S. Trustee
Office of the United States Trustee
Eastern District of Pennsylvania
833 Chestnut Street, Suite 500
Philadelphia, PA 19107

_____
Eugene J. Maginnis, Jr., Esquire

-8-