# IN UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT PENNSYLVANIA

### 3RD CIRCUIT

Milton Thomas Sr.
Plaintiff

v

The City Of Philadelphia
The School District Of Philadelphia
WILLIAM C. MILLER, U.S.
Bankruptcy , Trustee

    Defendants

04-10175

Adv. 19-00043

## THE PLAINTIFF MILTON THOMAS'S RESPONSE TO
## THE CITY AND THE SCHOOL DISTRICT OF PHILADELPHIA'S
## MOTION FOR SUMMARY JUDGEMENT
## <u>REQUEST FOR DENIAL</u>

Standard for Holding a Creditor in Civil Contempt When a Creditor Attempts to Collect a Debt That Falls Within an Issued Bankruptcy Discharge
### 11 U.S.C. § 524(a)(2)

   The discharge released the plaintiff from all debts provided for by the plan with limited exceptions. See U.S.C. § 524. Once the City received notice of the discharge they should have no longer continued any collection action against the Plaintiff to recoup discharged obligations. The provisions of a confirmed plan bind the Plaintiff and the City, whether or not the claim of the City was provided for by the plan or the City objected to, accepted, or rejected the plan. 11 U.S.C. § 1327(a). As

1

discussed below the City did violate the discharge because they were aware of the discharge order and they intended the actions which violated the discharge. Simultaneously after the discharge the City went back into Pennsylvania state court and received an order to sheriff sale the Plaintiff's property for taxes that had been discharged. See Exhibit B.

The State court actions were predicated on the City's sworn statements that all facts were true and correct. The facts in the petition that was presented to the State court included discharged debt created an act of intrinsic fraud on the court. See Marshall v Holmes 141 U.S. 589 (1891).

The Supreme court has said in Taggart that an objective standard should was appropriate. Rooted in traditional principles of civil contempt, a court can use civil contempt sanctions on a creditor for violating a discharge order where there is not a "fair ground of doubt" at to whether the creditor's conduct is lawful under the discharge order.

On July 13, 2017 the District Court held an Evidentiary Hearing at which time the City admitted to violating the discharge.
Page
5....Lines 8-17.....The City admits it had notice of the 2004 bankruptcy.
8.....Lines 19-22.....The City admits that they listed 1618 So. 58th St for Sheriff sale
and that it included debts that were discharged and if they were to
relist it they would only relist it for the years 2005 and up.
11....Lines 2-6.......The City admits that 1620 was sold at the sheriff's sale and they Collected taxes for the years 1984 and up.
53.....Lines 21-23.....The City's witness, Karena Blaylock admits that the City was aware that there was a discharge filed in this bankruptcy case.
59.....Lines5-12......The City's Witness, Karena Blaylock admits that once the bankruptcy is discharge and if the City is still owed money
Over a certain amount they will sheriff sale the property.

2

59.....Lines13-15....The City's witness, Karena Blaylock admits that once the
                     A bankruptcy case is discharged the property can be sold for
                     Debt that was included in the bankruptcy discharge.
59.....Lines17-24     Question to the witness, Karena Blaylock.  What was the City's
                     Intention for sending Thomas a notice of sheriff?
60....Lines 1-6..........The City's witness admits that the City's intention is to sell
                     The property and receive the funds for the delinquent taxes
                     Even if you receive a discharge.
72.....Lines 11-15.....The City admits that they included discharge debt in the
                     sheriff  Sale of 1620 So. 58th St.
74.....Lines2-24......The City admitted that they would withdraw the petition that
                     They filed in the Court of Common Pleas that included
                     discharged taxes and re-file the a new petition for the
                     appropriated years to sell 1618 So. 58th St.

**<u>Legal Arguments</u>**

   A. <u>The plaintiff failed to serve the City with his bankruptcy plans and thus, the City is not bound by the Third Amended Plan due to lack notice.</u>
      Disputed.

The following notices were sent to the City by the Plaintiff or BNC Systems or a clerk, judge or standing trustee of the of the bankruptcy court in reference to the Bankruptcy Case No. 04-101-75 Docket;

<u>EXHIBITS;</u>

(J) Docket entry no.11.
    Certification of Service of Creditor Meeting Notice for Chapter 13

3

    sent to the City on 1/28/04 by first class mail to; 1401 John F. Kennedy     Blvd.

(M)  Docket entry no. 88. BNC Certificate of Mailing of
     Order Scheduling Hearing On Confirmation of Third Amended Chapter 13 plan.
   Sent to the City on 1/13/05 by first class mail to;

   (1) City of Philadelphia, Municipal Services Bldg.,
     1401 JFK Blvd., Phila., PA 19102

   (2) City of Philadelphia 1401 JFK Blvd., Phila., PA 19102

   (3) City of Philadelphia, Bankruptcy Unit, 1515 Arch St, 15th Floor, Phila., PA 19102

(N)  Docket entry no. 94. BNC Certificate of Mailing of

   Order Confirming Plan.

   Sent to the City on 02/25/05 by first class mail to;

   (1) City of Philadelphia, Municipal Services Bldg.,
     1401 JFK Blvd., Phila., PA 19102

   (2) City of Philadelphia 1401 JFK Blvd., Phila., PA 19102

   (3) City of Philadelphia, Bankruptcy Unit, 1515 Arch St, 15th Floor, Phila. PA 19102

(O)  Docket entry no. 128 BNC Certificate of mailing of
    Trustee's Final Report.
   (1)  City of Philadelphia Law Department. Tax Unit/Bankruptcy Dept.
      1515 Arch St. 15th Floor Phila., PA 19102
   (2)  School District Of Philadelphia, Law Dept.

      Tax Unit One Parkway Building
      1515 Arch St.15 floor Phila PA 19102
   (3)  City of Phila Municipal Services Bldg.,

    1401 JFK Blvd., Phila PA 19102
 (4) City Of Phila Municipal Services Bldg.
   1415 JFK Blvd. Phila PA 19102
 (5) City of Phila PA 1401 JFK Blvd., Phila PA
 (6) City of Phila, Bankruptcy Unit 1515 Arch St.
   15th floor, Phila PA 19102.
(P) Docket entry no.130 BNC Certificate of Mailing –
 Order Of Discharge;

 (1) City of Philadelphia Law Department. Tax Unit/Bankruptcy Dept.
   1515 Arch St. 15th Floor Phila., PA 19102
 (2) School District Of Philadelphia, Law Dept.
   Tax Unit One Parkway Building
   1515 Arch St.15 floor Phila PA 19102
 (3) City of Phila Municipal Services Bldg.,
   1401 JFK Blvd., Phila PA 19102
 (4) City Of Phila Municipal Services Bldg.
   1415 JFK Blvd. Phila PA 19102
 (5) City of Phila PA 1401 JFK Blvd., Phila PA
 (6) City of Phila, Bankruptcy Unit 1515 Arch St.
   15th floor, Phila PA 19102.

 The City received several notices from the Bankruptcy Court during the bankruptcy proceedings. The notices that the City received were constitutionally sufficient. See Blendheim, 803 F.3d 477, 498 (9th Cir. 2015). All that is required for adequate notice is information sufficient to alert a creditor that its rights may be affected. See United Student Aid Funds, Inc,. 559 U.S. 272. Failure to comply with rules of Bankruptcy Court are not dispositive of a due process claim.

5

B. <u>The real estate taxes for 1620 were not provided for in the Third amended Plan thus the liens passed thru the bankruptcy and remained post-discharge.</u>

Disputed.

The City filed several proofs of claims;

Exhibits;

F. Proof of Claim 6-1

G. Proof of Claim 7-1

H. Proof of Claim 7-1 Part 2

I. Proof of Claim 7-1 Part 3

   The Plaintiff proposed a repayment plan to the creditors for a five year period. The City filed 4 proof of claims to establish the plaintiff's obligation.
See U.S.C. § 501(a). After the completion of the plan repayments the Plaintiff received a discharge 11 U.S.C. § 1328. The provisions of the confirmed plan bind the Plaintiff and the City, whether or not the claim of the City was provided for by the plan and whether or not the City object, accepted or has rejected the plan. See 11 U.S.C. § 1327(a).

   C. <u>The City should not be held in contempt because it was objectively reasonable for it to rely on the Bankruptcy Court Decision when it decided to sell 1620 at Sheriff's Sale.</u>

Disputed.

   The City's good faith reasoning that the discharge order does not apply to the City's actions was subjectively unreasonable. And the City's unreasonable mistake

should not shield the City from liability.   The discharge order pursuant to § 524(a)(2) of the Bankruptcy Code operated as an injunction barring the City from collecting any debt that has been discharged. Under § 105 this court is allowed to issue any order, process or judgement this is necessary or appropriate to carry out the provisions of the Discharge Order.

    The City can be held in contempt if there is no fair ground of doubt as to whether the discharge order barred the City's conduct.  See Taggart v. Lorenzen 139 S. Ct. 1795 (2019).

    D.   <u>Alternatively , even if the City's action violated the discharge and it should be held in contempt, the plaintiff suffers no damages because the City received less than it's post-petition debt from the sale.</u>

Disputed.

    The City's subjective belief that they should not be held in contempt and that any sanction imposed should be off-set by the amount of post-petition taxes that the Plaintiff owed on 1620 S, 58th further ignores the fact that the City violated the discharge and understates the need for sanctions to compensate the Plaintiff for the losses that the Plaintiff sustained by the City's subjective reasoning for being disobedient.  See Myers. 344 B.R. 66.

    E.   <u>Alternatively, if the Court finds the plaintiff is entitled to damages from the sheriff Sale of 1620, the damages should be limited to $10,100, the amount that 1620 sold at Sheriff's Sale.</u>

Disputed.

Exhibit C, Know all Men by these Presents

    Page 4 of 5, Realty Transfer Tax Statement of Value, Block no.6, Fair

        Market Value $87,648.00

    Page 5 of 5  Transfer Tax Certification , Block no. 8, Fair

        Market Value $87,648.00

    The above exhibit C, proof of the fair market value of 1620 So. 58th St.  created a presumption of law, which is an inference which the law directs the trier of fact to draw if it finds, an inference is a conclusion which the trier of fact is permitted, but not compelled, to draw from the facts.   Bray v United States, 113 U.S. APP D.C. 136, 140, 306, F.2d 743, 747 (1962).

F. <u>Alternatively, if the Court finds the Plaintiff is entitled to contempt damages, Plaintiffs claim for denial of his rental license must be denied because he was not eligible for a rental license due to unpaid post-petition real estate taxes.</u>
Disputed.

   The Plaintiff should be entitled to obtain his rental license back and not be charged any accumulated penalties and legal fees just because the Plaintiff refused to be coerced into paying a debt to the City for taxes that included  discharged taxes and post petition taxes.  Paying discharged taxes should not have been be a perquisite to the pl getting his rental license back.     The City willfully violated the discharge injunction as set forth in 11 U.S.C. § 727. The City attempted to coerce the pl into paying discharge taxes. An action is coercive where it is tantamount to a threat. Jamo v Katahdin Fed. Credit Union (In re Jamo), 283 F.3d 392, 402 (1st Cir. 2002).  Or places the Plaintiff "between a rock and a hard place" in which he would loose either way. (In re Diamond), 346 F.3d 224, 227-28 (1st Cir. 2008).

8

G. <u>Alternatively, if the court finds the Plaintiff is entitled to contempt damages, Plaintiff's is not entitled to recover lost rental income.</u>

Disputed.

See Exhibit Z.  Copy of lease for 1620 So. 58th St. Rental agreement for $ 650.00 per month.  The Plaintiff is entitled to all loses he sustained.

The City does not have sovereign  immunity in this instant matter.

The City's argument of Sovereign Immunity that a state statue immunizes it from liability for the violation of a federal statue, the Bankruptcy Code fails.  The constitution supremacy principle is applicable to the bankruptcy code.

The constitution and the laws of the United States which shall be made in Pursuance thereof, and all Treaties made, or which shall be made, under the authority of the United States, shall be the supreme Law of the land; and the Judges in every state shall be bound thereby, anything in the constitution of Law of any State to the Contrary notwithstanding."

The City did subjectively violate the Plaintiff's discharge because the City did receive notice of the discharge and failed to object to the discharge thereby causing the discharge to become final after no objection to the discharge.  The pl hereby request that the court take judicial notice to the fact that on 10/18/2004 & 1/27/2005 the trustee objected to the second amended plan telling the court that real estate taxes were not provided for in the plan, the court ordered the pl to amend the plan to include the real estate taxes or his case would be dismissed.  The pl amended the plan to included the real estate taxes.  The court went on to ask the trustee "Where is the City and why have they not present or responded?" The Trustee responded

9

"Oh they never come".

In Central Virginia Community College v Katz, 546 U.S. 356 (2006), the Supreme Court held that the ":States agreed in the plan of convention not to assert any sovereign immunity defense they might have had in proceedings brought to "Laws on the subject of Bankruptcies" Id. At 377. As a result , bankruptcy in rem jurisdiction extends against a State in all matters arising in bankruptcy cases that are" necessary to effectuate the in rem jurisdiction of the bankruptcy courts" Id. At 378. The exercise of the bankruptcy jurisdiction is not dependent upon 11 U.S.C. § 106 or any Congressional action.

In Katz, The Supreme Court identified three (3) critical features of the bankruptcy court's in rem jurisdiction:

The exercise of exclusive jurisdiction over all the debtor's property, the equitable distribution of that property among the debtor's creditors and the ultimate discharge that gives the debtor a 'fresh start' by releasing him, her, or it from further liability for old debts. Lastly but not least the City's actions are intrinsic fraud on the State Court. Marshall v Holmes 141 U.S. 589 (1891).

It is indisputable that the discharge is enforceable through a contempt motion when a creditor attempts to collect a debt that falls within an issued bankruptcy discharge order. In re Taggart n. Lorenzen, 139 S Ct. 1795 (2019).

Where fore the Plaintiff, Milton Thomas, Sr. respectfully request that the City's Motion for Summary Judgement be denied.

Dated March 2, 2020

_____
Milton Thomas Sr.
140 West Spencer Ave
Phila PA 19120
267-401-0978

10

Lawman728@gmail.com

11